Nathan Brown (SBN: 033482)
BROWN PATENT LAW
15100 N. 78th Way Suite 203
Scottsdale, AZ 85260
602-529-3474
Nathan.Brown@BrownPatentLaw.com

Rylan J. Stewart, Esq. (No. 034388)
VENTURE LAW, PLC
2550 W. Union Hills Dr., Suite 350
Phoenix, AZ 85027
Rylan@VentureLawPLC.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Morgan Howarth,<br>                    Plaintiff,<br><br>vs.<br><br>Ryan Patterson and Patterson Homes, LLC,<br>                    Defendants | Case No.: CV-19-0726-PHX-BSB<br><br>**RESPONSE TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES** |

Response to Plaintiff's motion to strike affirmative defenses one, two, three, six, eight, nine and ten.

Defendants Ryan Patterson and Patterson Homes, LLC file this response in opposition to Plaintiff Morgan Howarth's Motion to Strike Defendant's First, Second, Third, Sixth, Eighth, Ninth, and Tenth Affirmative Defenses from Defendants' Answer, and states:

**INTRODUCTION**

Plaintiff's Motion does not satisfy the stringent requirements of Rule 12(f) necessary to warrant the drastic remedy of striking affirmative defenses. The Motion is unwarranted and lacks merit, and, therefore, should be denied outright without further waste of the parties' or the Court's time and resources.

RESPONSE TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES - 1

Plaintiff references Fantasy Inc, v. Fogerty in defining the purpose of a motion to strike. Plaintiff fails to mention that the example the Ninth Circuit gives in what type of motions to strike are permissible are “Superfluous historical allegations are a proper subject of a motion to strike. See, e.g., Healing v. Jones, 174 F. Supp. 211, 220 (D. Ariz. 1959).” Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993).

The Court has broad discretion when considering a motion to strike; however, such motions are generally disfavored and infrequently granted. Stanbury Law Firm v. I.R.S., 221 F.3d 1059, (8th Cir. 2000); see Lazar v. Trans Union LLC, 195 F.R.D. 665, 669 (C.D. Cal. 2000). Where the motion challenges the sufficiency of a defense, it should be granted only where the court is "convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed." RDF Media Ltd v. Fox Broadcasting, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005) (emphasis added); Stanbury Law Firm, 221 F.3d at 1063 (striking a party's pleadings is "an extreme measure"); Lazar, 195 F.R.D. at 669 ("Motions to strike are generally not granted unless it is clear that matter to be stricken could have no possible [*9] bearing on the subject matter of the litigation.") Interscope Records, Motown Record Co., L.P. v. Time Warner, Inc., No. CV 10-1662 SVW (PJWx), 2010 U.S. Dist. LEXIS 151460, at *8-9 (C.D. Cal. June 28, 2010)

Defendant agrees with Plaintiff’s argument that Rule 8(c) requires a defendant to plead with enough specificity to give the plaintiff fair notice. FTC v. Vemma Nutrition Co., No. CV-15-01578-PHX-JJT, 2016 U.S. Dist. LEXIS 85280, at *5 (D. Ariz. June 30, 2016). The Supreme Court has long held that fair notice requires only a plain statement of the nature and grounds of a claim or defense. See Kohler v. Islands Rests., LP, 280 F.R.D. 560, 564 (S.D. Cal. 2012) (citing Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). FTC v.

Vemma Nutrition Co., No. CV-15-01578-PHX-JJT, 2016 U.S. Dist. LEXIS 85280, at *3 (D. Ariz. June 30, 2016). Defendants' affirmative defenses are common affirmative defenses in copyright cases. Therefore, the Plaintiff has fair notice on the grounds of a copyright defense.

**RELEVANT BACKGROUND**

This is a copyright infringement action. Plaintiff is a professional photographer whose photographs are downloaded from countless photo sharing websites and domains such as www.pinterest.com, www.homeanddesign.com, www.google.com and www.Houzz.com. Defendants downloaded an image containing no copyright management information on it from www.Houzz.com and then minimized the image into thumbnail size and put the image on their blog. Defendants are in the construction business and sporadically blog about home remodeling on the nether reaches of their website. Before February, 2019, Plaintiff located the thumbnail photograph and notified Defendants. Defendants promptly removed the photograph and on February 4, 2019 Plaintiff brought this lawsuit against Defendants asking for upwards of $150,000. On March 1, 2019 Defendants filed an answer with 10 affirmative defenses, giving Plaintiffs fair notice of these defenses. The Defendants fulfilled the requirements of Federal Rules of Civil Procedure 8 (c )(1); in that the Defendants must "state any avoidance or affirmative defense."

The affirmative defenses should be kept because they give the Plaintiff fair notice, they satisfy the requirements of FRCP 8(c) and the reasons for using them are to defend against copyright infringement accusations.

**MEMORANDUM OF LAW**

*(m) Motions to Strike.*
*(1) Generally. Unless made at trial, a motion to strike may be filed only if it is authorized by statute or rule, such as Federal Rules of Civil Procedure 12(f), 26(g)(2) or 37(b)(2)(A)(iii), or if*

RESPONSE TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES - 3

*it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order.*

*Arizona District Court Local Rules of Civil Procedure 7.2 (m).*

**Motions to Strike Affirmative Defenses Are Disfavored and Rarely Granted**

The disposition of a motion to strike is within the discretion of the district court. See Federal Sav. & Loan Ins. Corp. v. Gemini Management, 921 F.2d 241, 244 (9th Cir. 1990). Motions to strike are disfavored and infrequently granted. See Stabilisierungsfonds Fur Wein v. Kaiser, Stuhl Wind Distribs. Pty., Ltd., 647 F.2d 200, 201, 201 n.1, 207 U.S. App. D.C. 375 (D.C. Cir. 1981);  [*7] Pease & Curren Refining, Inc. v. Spectrolab, Inc., 744 F. Supp. 945, 947 (C.D. Cal. 1990), abrogated on other grounds by Stanton Road Ass'n v. Lohrey Enters., 984 F.2d 1015 (9th Cir. 1993)  Hadar v. Wilson, No. CV 10-796-PK, 2011 U.S. Dist. LEXIS 62250, at *6-7 (D. Or. June 8, 2011)

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," granting courts broad discretion in making this determination. Fed. R. Civ. P. 12(f).

**Plaintiffs have met the pleading standard for Affirmative Defenses under Rule 8.**

While Plaintiff wishes to hold Defendants to a high pleading standard, Rule 8 only requires that Defendants, in responding to a pleading, "state" their affirmative defenses. F.R. Civ. P 8(c)(1).  As its language shows, Defendants are not required to state every fact supporting each of their defenses, nor are they required to provide detail concerning their defenses to the asserted claims. Contrary to the assumption underlying the Plaintiff's motion, there are no pleading requirements for defenses comparable to those imposed on complaints

RESPONSE TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES - 4

under Twombly and Iqbal.( Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), or Ashcroft v. Iqbal, 556 U.S. 662 (2009)).

Thus, [t]he court's discretion is narrowly circumscribed on a motion to strike affirmative defenses. The Court may strike only those defenses so legally insufficient that it is beyond cavil that defendants could not prevail upon them. A court should not grant a motion to strike a defense unless the insufficiency of the defense is clearly apparent. The underpinning of this principle rests on a concern that a court should restrain from evaluating the merits of a defense where the factual background for a case is largely undeveloped. FTC v. AMG Servs., 2014 U.S. Dist. LEXIS 152864, *25-26 (D.Nev. 2014) (brackets and internal quotation marks omitted).

## DEFENDANTS' AFFIRMATIVE DEFENSE GIVE FAIR NOTICE AND ARE ON COPYRIGHT GROUNDS AND SHOULD BE ALLOWED.

### Defendants' First Affirmative Defense

Failure to state a claim upon which relief can be granted, is routinely used as an affirmative defense and accepted by the Courts. Hadar v. Wilson, No. CV 10-796-PK, 2011 U.S. Dist. LEXIS 62250, at *28 (D. Or. June 8, 2011). Chen v. Geo Grp., Inc., 297 F. Supp. 3d 1130, 1135 (W.D. Wash. 2018) (Acceptable as an affirmative defense as long as it is not redundant). Others have found that even if redundant, failure to state a claim upon which relief can be granted, affirmative defenses are acceptable. See Oppel v. Empire Mut. Ins. Co., 92 F.R.D. 494, 498 (S.D.N.Y. 1981) (finding that although affirmative defense of failure to state a claim was redundant, because it had the same effect as a general denial, there was no prejudice to plaintiff and the defense need not be stricken). Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F. Supp. 2d 1028, 1044 (C.D. Cal. 2002). The Ninth Circuit states that "state a claim upon

which relief can be granted, a defense which may be raised up and until the close of trial. Fed. R. Civ. P. 12(h)(2)." Garcia v. Salvation Army, No. 16-16827, 2019 U.S. App. LEXIS 7993, at *17 (9th Cir. Mar. 18, 2019).

**Defendants' Second Affirmative Defense**

Any affirmative defense that is not "immaterial" or "impertinent" should be allowed. See F.T.C. v. Ivy Capital, Inc., No. 2:11-CV-283 JCM GWF, 2011 U.S. Dist. LEXIS 65835, 2011 WL 2470584, at *2 (D. Nev. June 20, 2011) (denying motion to strike First Amendment defense because "the First Amendment may be relevant as it relates to the relief sought") FTC v. Lunada Biomedical, Inc., No. CV-15-3380-MWF (PLA), 2015 U.S. Dist. LEXIS 190430, at *8 (C.D. Cal. Sep. 23, 2015). Plaintiff argues that this affirmative defense is not a valid defense in a copyright infringement case. The Plaintiff quotes the Association of American Medical Colleges v Princeton Review. What the Plaintiff fails to point out is that Court, first allowed "failure to state a claim" as an affirmative defense, and second did not allow the First Amendment as an affirmative defense because the copyright material was not licensed and was secure. Ass'n of Am. Med. Colls. v. Princeton Review, Inc., 332 F. Supp. 2d 11, 22 (D.D.C. 2004). Plaintiff's image that the Defendants are accused of infringing are licensed throughout the world wide web and are not even remotely secure. Therefore, a first amendment affirmative defense of the use of a thumbnail of the Plaintiff's image should be allowed.

**Defendants' Third Affirmative Defense**

Plaintiff takes issue and requests that the Defendants' affirmative defense of fair use be stricken for lack of factual allegations and failure to meet pleading standards of Rule 8(c ). Some affirmative defenses are so inherent, that the Defendants should not have to regurgitate the

RESPONSE TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES - 6

Plaintiff's own factual allegations. The Defendants' short statement should give any plaintiff fair notice and reason for the affirmative defense.

First, Plaintiff in his original pleading admits the thumbnail image in question was part of an article. (Complaint #13). A cursory reading of the Defendants' third affirmative defense references 17 U.S.C. 107, which allows for copying of copyrighted material of, among countless other things, "criticism, comment, news reporting, teaching." Clearly, it is inherent that an article could fall with these fair use allowances. Therefore, Plaintiff has more than fair notice, and the affirmative defense should be allowed.

### Defendants' Sixth Affirmative Defense

Again, FRCP Rule 8 (c)(1) clearly says that the affirmative defense need only be " affirmatively state[d]" and then lists some affirmative defenses. These affirmative defenses expressly include estoppel and waiver. Defendants fulfill the specific requirements of Rule 8(c)(1).

"Estoppel applies where the plaintiff "has aided the defendant in infringing or otherwise induced it to infringe or has committed covert acts such as holding out . . . by silence or inaction."" Field v. Google, Inc., 412 F. Supp. 2d 1106, 1116 (D. Nev. 2006) (quoting Quinn v. City of Detroit, 23 F. Supp. 2d 741, 753 (E.D. Mich. 1998); Nimmer on Copyright § 13.07 (revised ed. 2009).

To assert a valid estoppel defense, Defendants must allege: (1) that Plaintiffs knew of Defendants allegedly infringing conduct; (2) that Plaintiffs intended that their conduct would be acted on or acted in such a way that Defendants had a right to believe it was intended; (3) that Defendants were ignorant of the true facts (i.e., that the use was not permitted); and (4) that Defendants relied to their detriment on Plaintiffs' conduct. See id. at 1116; Hampton v.

RESPONSE TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES - 7

Paramount Pictures Corp., 279 F.2d 100 (9th Cir. 1960). Interscope Records, Motown Record Co., L.P. v. Time Warner, Inc., No. CV 10-1662 SVW (PJWx), 2010 U.S. Dist. LEXIS 151460, at *36 (C.D. Cal. June 28, 2010).

The only way enough factual allegations would satisfy the Plaintiff's requirement for a valid estoppel defense, Defendants' would need to present their entire case to Plaintiff. This requirement before even discovery is not only unattainable but unrealistic and goes against the straightforward language of FRCP for affirmative defenses. Since Defendants give a short and plain statement of the estoppel defense, Plaintiff is given fair notice of the copyright grounds upon which the affirmative defense of estoppel will be used.

### Defendants' Eighth Affirmative Defense

Again, FRCP Rule 8 (c )(1) clearly says that the affirmative defense need only be " affirmatively state[d]" and then lists some affirmative defenses. These affirmative defenses expressly include laches. Defendants fulfill the specific requirements of Rule 8(c )(1). Fair notice was given.

### Defendants' Ninth Affirmative Defense

Again, FRCP Rule 8 (c )(1) clearly says that the affirmative defense need only be " affirmatively state[d]" and then lists some affirmative defenses. These affirmative defenses expressly include license. Defendants fulfill the specific requirements of Rule 8(c )(1). Fair notice was given.

"The existence of a license creates an affirmative defense to a claim of copyright infringement." Worldwide Church of God v. Philadelphia Church of God, Inc., 227 F.3d 1110, 1114 (9th Cir.2000)." Interscope Records, Motown Record Co., L.P. v. Time Warner, Inc., No. CV 10-1662 SVW (PJWx), 2010 U.S. Dist. LEXIS 151460, at *24 (C.D. Cal. June 28, 2010).

RESPONSE TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES - 8

The Plaintiff again wants enough factual allegations to fully understand the Defendants' defense. However, "issues of fact that need to be developed through discovery and are not appropriate for a motion to strike." Interscope Records, Motown Record Co., L.P. v. Time Warner, Inc., No. CV 10-1662 SVW (PJWx), 2010 U.S. Dist. LEXIS 151460, at *32 (C.D. Cal. June 28, 2010).

Therefore, Defendants' affirmative defense that "copying of Plaintiff's work…was consented to by the owner of the appropriate rights in Plaintiff's works." Defs; Answer at 4. This affirmative defense should be allowed.

### Defendants' Tenth Affirmative Defense

This is a proper affirmative defense and is recognized as proper. Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F. Supp. 2d 1028, 1045 (C.D. Cal. 2002). This affirmative defense restates the Defendants' procedural rights to Motion in more affirmative defenses as warranted by discovery.

### CONCLUSION

For the reasons set forth above, and in the interest of justice and judicial economy, Defendant hereby requests this Court deny Plaintiff's Motion to Strike. Additionally, Defendants request they be award their attorneys' fees expended defending Plaintiff's baseless motion.

RESPONSE TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES - 9

Dated this 29th of March, 2019.

                              s/Nathan Brown
                              Nathan Brown Attorney for Defendants

                              s/Rylan Stewart with permission
                              Rylan Stewart Attorney for Defendants

**CERTIFICATE OF CONFERENCE**

This is to certify that counsel conducted a telephonic meet and confer on March 11, 2019; however, no agreement could be reached.

                              s/Nathan Brown

**CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties who have appeared in this action.

                              s/Nathan Brown

RESPONSE TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES - 10