WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Morgan Howarth, | No. CV-19-00726-PHX-ESW |
| Plaintiff, | **ORDER** |
| v. | |
| Ryan Patterson, et al., | |
| Defendants. | |

On February 4, 2019, Plaintiff filed a Complaint (Doc. 1) alleging copyright infringement under 17 U.S.C. § 101 et seq. Plaintiff alleges that Defendants engaged in the unauthorized commercial exploitation of one of Plaintiff's federally registered photographs. (*Id.* at 4, ¶ 18). Defendants filed an Answer (Doc. 14) that raises ten affirmative defenses. Pending before the Court is Plaintiff's "Motion to Strike Affirmative Defenses" (Doc. 28) in which Plaintiff seeks to strike Defendants' first, second, third, sixth, eighth, ninth, and tenth affirmative defenses. For the reasons explained herein, the Motion (Doc. 28) will be denied in part and granted in part.

## I. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(f) authorizes the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a motion to strike "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]"

*Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "Motions to strike are generally viewed with disfavor and are not frequently granted." *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000).

## II. DISCUSSION

### A. First Affirmative Defense

Defendants' first affirmative defense asserts that Plaintiff has failed to state a claim. (Doc. 14 at 3, ¶ 17). "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). "Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [Plaintiff's] prima facie case." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F.Supp.2d 1167, 1174 (N.D. Cal. 2010). The Court will grant Plaintiff's Motion (Doc. 28) as to Defendants' first affirmative defense.

### B. Second Affirmative Defense

Defendants' second affirmative defense alleges that "[a]ny purported use by Defendants are an exercise of free speech and constitutionally protected by the First Amendment of the United States Constitution." (Doc. 14 at 3, ¶ 18). Plaintiff correctly contends that the assertion of a First Amendment right is not a valid affirmative defense in a copyright infringement case. "Copyright law incorporates First Amendment goals by ensuring that copyright protection extends only to the forms in which ideas and information are expressed and not to the ideas and information themselves." *Los Angeles News Serv. v. Tullo*, 973 F.2d 791, 795 (9th Cir. 1992). "Furthermore, First Amendment concerns are addressed through the 'fair use' doctrine, which recognizes 'a privilege in others than the owner of the copyright to use the copyrighted material in a reasonable manner without his consent.'" *Urantia Found. v. Maaherra*, 895 F. Supp. 1329, 1334 (D. Ariz. 1995) (quoting *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 549 (1985)). Plaintiff's Motion (Doc. 28) will be granted as to Defendants' second affirmative defense.

### C. Third, Sixth, and Ninth Affirmative Defenses

Defendants' third affirmative defense asserts that "[a]ny purported use by

Defendants of Plaintiff's copyrighted work, if any is found to exist, is fair use under 17 U.S.C. §107." (Doc. 14 at 3, ¶ 19). As a sixth affirmative defense, Defendants' allege that Plaintiff's claim is barred by the doctrines of equitable estoppel and waiver. (Doc. 14 at 4, ¶ 22). Defendants' ninth affirmative defense states that "[a]ny copying of Plaintiff's work (which Defendant denies and assume only for sake of asserting this defense) was consented to by the owner of the appropriate rights in Plaintiff's works." (*Id.*, ¶ 25).

Plaintiff asserts that the Court should strike Defendants' third, sixth, and ninth affirmative defenses on the ground that Defendants have not provided any factual allegations in support of those affirmative defenses. (Doc. 28 at 4-6). However, "[t]he 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'" *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (citing 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1274 (3d ed. 1998)).

"[N]either the United States Supreme Court nor the Ninth Circuit has determined what standard should be used to determine the sufficiency of a defendant's affirmative defenses, and accordingly, there has been significant disagreement amongst federal district courts within this Circuit." *Loi Nguyen v. Durham Sch. Servs., L.P.*, 358 F. Supp. 3d 1056, 1059 (C.D. Cal. 2019) (internal quotation marks and citation omitted). The Court is persuaded by cases that conclude that the "fair notice standard does not require defendants to provide a detailed statement of facts." *Roe v. City of San Diego*, 289 F.R.D. 604, 611 (S.D. Cal. 2013); *see also Loi Nguyen*, L.P., 358 F. Supp. 3d at 1060 ("[W]hen a defendant asserts affirmative defenses in an answer, Rules 8(b) and 8(c) only require that those defenses be stated."). "Rule 8(c)—applicable to affirmative defenses—only requires a responding party to '*affirmatively state*' its defenses." *Roe*, 289 F.R.D. at 609 (emphasis in original). Plaintiff's Motion (Doc. 28) will be denied as to Defendants' third, sixth, and ninth affirmative defenses.

### D. Eighth Affirmative Defense

Defendants' eighth affirmative defense alleges that Plaintiff's claim is barred by

laches. (Doc. 14 at 4, ¶ 24). Citing *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663 (2014), Plaintiff argues that the laches affirmative defense may not be raised in a copyright infringement action. (Doc. 28 at 6; Doc. 35 at 8). Defendants provide no contrary authority in their Response. (Doc. 29 at 8). The Court will grant Plaintiff's Motion (Doc. 28) as to Defendants' eighth affirmative defense. *See Petrella*, 572 U.S. at 679 (stating that "in [the] face of a statute of limitations enacted by Congress, laches cannot be invoked to bar legal relief");

### E. Tenth Affirmative Defense

The tenth affirmative defense enumerated in the Answer states: "Defendant reserves the right to assert additional affirmative defenses as further circumstances and discovery warrant." (Doc. 14 at 5, ¶ 26). This is not a valid affirmative defense. *See Loi Nguyen*, L.P., 358 F. Supp. 3d at 1058, 1063 (striking allegation in defendant's answer purporting to preserve the "right to allege other additional defenses as they may become known during discovery or otherwise"). Plaintiff's Motion (Doc. 28) will be granted as to Defendants' tenth affirmative defense.

### III. CONCLUSION

**IT IS ORDERED** granting Plaintiff's "Motion to Strike Affirmative Defenses" (Doc. 28) as to Defendants' first, second, eighth, and tenth affirmative defenses.

**IT IS FURTHER ORDERED** denying Plaintiff's "Motion to Strike Affirmative Defenses" (Doc. 28) as to Defendants' third, sixth, and ninth affirmative defenses.

**IT IS FURTHER ORDERED** striking Defendants' first, second, eighth, and tenth affirmative defenses from Defendants' Answer (Doc. 14).

Dated this 29th day of April, 2019.

_____
Eileen S. Willett
United States Magistrate Judge