WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Morgan Howarth,<br><br>    Plaintiff,<br><br>v.<br><br>Ryan Patterson, et al.,<br><br>    Defendants. | No. CV-19-00726-PHX-ESW<br><br>**ORDER** |

This Order sets forth the Court's rulings on a number of pending Motions (Docs. 40, 41, 43, 46, 47, 52, and 53).

## I. DISCUSSION

**A. Defendants' "Motion for a Bond Requirement for Plaintiff" (Doc. 40) and Plaintiff's "Motion to Strike Defendants' Untimely Reply, and to Strike or Disregard Arguments Raised for the First Time Therein" (Doc. 46)**

Pursuant to Local Rule of Civil Procedure ("LRCiv") 54.1(c), Defendants filed a Motion (Doc. 40) requesting that the Court order Plaintiff to post a $25,000 bond for Defendants' fees and taxable costs incurred in this action.[1] (Doc. 40). Plaintiff filed his Response (Doc. 42) on June 21, 2019. On July 1, 2019, Defendants filed their Reply (Doc.

---

[1] LRCiv 54.1(c) states: "In every action in which the plaintiff was not a resident of the District of Arizona at the time suit was brought, or, having been so, afterwards removed from this District, an order for security for costs may be entered upon application therefor within a reasonable time upon notice."

45). Contrary to Plaintiff's assertion in his Motion to Strike (Doc. 46), Defendants' Reply is timely. Plaintiff correctly recounts that the rules provide a seven-day deadline for filing a reply in support of a motion. Plaintiff, however, neglects to consider that Federal Rule of Civil Procedure 6(d) states:
> When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

Rule 5(b)(2)(E) includes service by electronic means. Seven days from Plaintiff's June 21, 2019 Response (Doc. 42) is June 28, 2019. After adding another three days pursuant to Rule 6(d), Defendants' reply deadline was July 1, 2019. Although Plaintiff alternatively argues that the Court should strike or disregard arguments raised for the first time in Defendants' Reply (Doc. 45), the Court finds that the arguments contained therein are in response to issues raised in Plaintiff's Response (Doc. 42). The Court will deny Plaintiff's Motion to Strike (Doc. 46).[2] For the reasons discussed below, the Court will grant Defendants' Motion for a Bond (Doc. 40).

"There is no specific provision in the Federal Rules of Civil Procedure relating to security for costs. However, the federal district courts have inherent power to require plaintiffs to post security for costs." *Simulnet E. Assoc. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994). "Typically federal courts, either by rule or by case-to case determination, follow the forum state's practice with regard to security for costs, as they did prior to the federal rules; this is especially common when a non-resident party is involved." *Id.* (internal quotation marks and citation omitted). The historical purpose of bond requirements is "to help resident defendants collect costs when victorious against non-resident plaintiff whose property was beyond the reach of the court." *Gay v. Chandra*, 682 F.3d 590, 594 (7th Cir. 2012).

---

[2] The Court observes that many of Defendants' briefs fail to comply with LRCiv 7.1(b)(1), which requires all original documents filed with the Clerk of Court to be in a "fixed-pitch type size no smaller than ten (10) pitch (10 letters per inch) or in a proportional font size no smaller than 13 point, including footnotes." Continued failure to comply with LRCiv 7.1(b)(1) will result in a filed brief being stricken.

In *Simulnet*, the Ninth Circuit reviewed whether the district court abused its discretion by dismissing a case after the plaintiffs failed to post a $500,000 cost bond, which was imposed five days before trial was set to commence. 37 F.3d at 573. In holding that the district court abused its discretion, the Ninth Circuit stated that the district court:

> knew that the plaintiffs could not post the bond, but imposed the bond because of its belief that the defendants would prevail in the jury trial, even though the court declined to hold the plaintiffs' claims were vexatious. In practical effect, this amounted to a judgment as a matter of law in a case where discovery proceedings revealed there was a genuine issue of material fact to be determined by the jury.

*Id.* at 576. The Ninth Circuit explained that "[i]n order to avoid depriving a plaintiff of access to the courts by a security bond requirement, the courts in some cases must strike a delicate balance." *Id.* The Ninth Circuit did not hold that district courts must use a specific balancing test, but noted that the "First Circuit made an illuminating comment" regarding the issue. *Id.* In *Aggerwal v. Ponce School of Medicine*, 745 F.2d 723, 727-28 (1st Cir. 1984), the First Circuit weighed the following three factors in determining whether a district court abused its discretion in requiring a security for costs: (i) the degree of probability or improbability of success on the merits, and the background and purpose of the suit; (ii) the reasonable extent of the security to be posted, if any, viewed from the defendant's perspective; and (iii) the reasonable extent of the security to be posted, if any, viewed from the nondomiciliary plaintiff's perspective. *Aggerwal*, 745 F.2d at 727-28. The First Circuit further explained that:

> just as factors such as the absence of attachable property within the district or the conduct of the parties may bear on a defendant's legitimate need for the prophylaxsis of a bond, so too, a plaintiff's ability to post surety for costs must weigh in the balance when the third figure of the equation is tabulated . . . . The district court, in the exercise of its sound discretion, must settle upon an assurance which is fair in the light not only of the case itself and of the exigencies faced by the defendant, but also fair when illuminated by the actual financial situation of the plaintiff.

*Id.* at 728.

Here, given the early stage of litigation, the Court does not conclude that either party is more likely to succeed. Defendants reasonably assert that a bond is required because Plaintiff does not reside in the State of Arizona and does not own any property within Arizona out of which a judgment for costs can be satisfied. Plaintiff states that he has substantial equity in his out-of-state residence. (Doc. 42 at 7). Plaintiff has not shown that he cannot afford to post a bond.

"[I]t is neither unjust nor unreasonable to expect a suitor 'to put his money where his mouth is[.]'" *Simulnet*, 37 F.3d at 576 (quoting *Aggarwal* 745 F.2d at 728). After considering the circumstances of this action and the parties, the Court concludes that the balance of the relevant factors weigh in favor of requiring Plaintiff to post a $25,000 security bond in this case. Plaintiff's Motion (Doc. 40) will be granted.

**B. Plaintiff's "Motion for Leave to Join Parties and File a First Amended Complaint" (Doc. 41) and Defendants' "Motion to Extend Time for Defendants' Opposition to Amend" (Doc. 47)**

On June 17, 2019, Plaintiff timely moved for leave of Court to file a First Amended Complaint. (Doc. 41). Defendants' deadline for responding was **July 5, 2019**.[3] On July 2, 2019, Defendants filed a "Motion to Extend Time for Defendants' Opposition to Amend" (Doc. 47). For good cause shown, the Court will grant Defendants' Motion (Doc. 47). Defendants' Response (Doc. 54) filed on July 15, 2019 is deemed timely. Plaintiff's "Motion to Strike Defendants' Reply in Support of Motion for Extension, or Grant Leave to File Surreply" (Doc. 53) will be denied.

The Court has reviewed the parties' briefing concerning Plaintiff's "Motion for Leave to Join Parties and File a First Amended Complaint" (Doc. 41). Federal Rule of Civil Procedure 15(a) provides that "leave [to amend a pleading] shall be freely given when justice so requires." "The power to grant leave to amend . . . is entrusted to the discretion of the district court, which 'determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party,

---

[3] Plaintiff asserts that Defendants' response deadline was July 1, 2019. Plaintiff again neglects to consider the three additional days to be added pursuant to Federal Rule of Civil Procedure 6(d).

and/or futility.'" *Serra v. Lappin*, 600 F. 3d 1191, 1200 (9th Cir. 2010) (quoting *William O. Gilley Enters. v. Atl. Richfield Co.*, 588 F.3d 659, 669 n.8 (9th Cir. 2009)). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). "The party opposing amendment bears the burden of showing prejudice," futility, or one of the other permissible reasons for denying a motion to amend. *DCD Programs*, 833 F.2d at 187; *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988) (stating that leave to amend should be freely given unless opposing party makes "an affirmative showing of either prejudice or bad faith").

In asserting that the Court should deny Plaintiff's Motion (Doc. 41), Defendants contend that the proposed amendment would be futile. (Doc. 54 at 4-8). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). The Court does not find that there are no sets of facts that can be proved under the lodged First Amended Complaint that would constitute a valid claim. In addition, the Court finds that Defendants have not satisfied their burden of showing bad faith, undue delay, or prejudice to defeat Plaintiff's Motion. As the relevant factors weigh in favor of granting leave to amend, Plaintiff's Motion (Doc. 42) will be granted.

**C. Plaintiff's "Motion for Leave to File Motion to Compel" (Doc. 43)**

In his June 28, 2019 Motion (Doc. 43), Plaintiff states that Defendants have failed to respond to discovery requests and have failed to respond to attempts to meet and confer. Based on emails attached to the Motion, it appears that Plaintiff opposed Defendants' request to postpone the deadline for discovery requests pending resolution of Plaintiff's Motion (Doc. 41) seeking leave to file a First Amended Complaint. (Doc. 43-1 at 32). The Court will deny Plaintiff's "Motion for Leave to File Motion to Compel" (Doc. 43) to allow counsel to meet and confer regarding substantive discovery issues. *See Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (explaining that the

meet and confer obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought") (citation omitted).

The parties are directed to meet and confer regarding discovery issues no later than fourteen days after the date Plaintiff posts his security for costs. The parties are directed to follow the procedures set forth in the Case Management Order to the extent discovery disputes remain after the meet and confer. Defendants' "First Request for Motion to Extend Time for Defendants' Motion to Compel Discovery" (Doc. 52) will be denied.

## II. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** granting Defendants' "Motion for a Bond Requirement for Plaintiff" (Doc. 40).

**IT IS FURTHER ORDERED** that by **September 6, 2019**, Plaintiff shall post security for costs in this action in the amount of $25,000.00 with the Clerk of the Court.

**IT IS FURTHER ORDERED** denying Plaintiff's "Motion to Strike Defendants' Untimely Reply, and to Strike or Disregard Arguments Raised for the First Time Therein" (Doc. 46).

**IT IS FURTHER ORDERED** granting Defendants' "Motion to Extend Time for Defendants' Opposition to Amend" (Doc. 47). Defendants' Response (Doc. (Doc. 54) filed on July 15, 2019 is deemed timely.

**IT IS FURTHER ORDERED** granting Plaintiff's "Motion for Leave to Join Parties and File a First Amended Complaint" (Doc. 41). Plaintiff shall file his First Amended Complaint by **August 20, 2019**.

**IT IS FURTHER ORDERED** denying Defendants' "First Request for Motion to Extend Time for Defendants' Motion to Compel Discovery" (Doc. 52).

**IT IS FURTHER ORDERED** denying Plaintiff's "Motion to Strike Defendants' Reply in Support of Motion for Extension, or Grant Leave to File Surreply" (Doc. 53).

**IT IS FURTHER ORDERED** that any future briefs filed by a party that does not

comply with the font size requirements set forth in LRCiv 7.1(b)(1) will be stricken.

Dated this 8th day of August, 2019.

*Eileen S. Willett*
United States Magistrate Judge