WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Morgan Howarth, | No. CV-19-00726-PHX-ESW |
| Plaintiff, | **ORDER** |
| v. | |
| Ryan Patterson, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's "Motion for Extension of Time to File First Amended Complaint (First Request)" (Doc. 59). Plaintiff explains that he failed to file his First Amended Complaint by the August 20, 2019 deadline because of a calendaring error.

A party who seeks to extend an expired deadline must show excusable neglect. Fed. R. Civ. P. 6(b)(1)(B) (time may be extended "on motion made after the time has expired if the party failed to act because of excusable neglect"). An excusable neglect determination "is a decision committed to the discretion of the district court." *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 974 (9th Cir. 2007). "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test[ ]" based upon *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir.2010) (citations omitted); *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 n.4 (9th Cir.1996) (concluding that the *Pioneer*

test is applicable to Rule 6(b)). The decision is at bottom an equitable one, taking into account all of the relevant circumstances surrounding the party's omission[,]" including (i) the danger of prejudice to the other party, (ii) the length of delay and its potential impact on judicial proceedings, (iii) the reason for the delay, and (iv) whether the party acted in good faith. *Pioneer Inv. Servs. Co.*, 507 U.S. at 395.

The Court finds that Plaintiff's late filing is a result of excusable neglect. Specifically, there is no danger of prejudice to Defendant, the length of delay is minimal, the reason for the delay is not unexcusable, and there is no evidence Plaintiff has acted in bad faith. Accordingly,

**IT IS ORDERED** granting Plaintiff's "Motion for Extension of Time to File First Amended Complaint (First Request)" (Doc. 59).

**IT IS FURTHER ORDERED** that Plaintiff shall file his First Amended Complaint no later than **September 30, 2019**.

**IT IS FURTHER ORDERED** that the parties shall submit a joint motion to modify the scheduling order no later than **October 4, 2019**.

Dated this 26th day of September, 2019.

Honorable Eileen S. Willett
United States Magistrate Judge