WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Morgan Howarth,

           Plaintiff,

v.

Ryan Patterson, et al.,

           Defendants.

No. CV-19-00726-PHX-ESW

**ORDER**

Pending before the Court is Plaintiff's "Motion to Strike Defendants' Untimely Reply in Support of Motion to Dismiss" (Doc. 84). Defendants do not dispute that they failed to timely file their "Reply to Plaintiff's Response to Defendants' Motion to Dismiss" (Doc. 82). In addition, Plaintiff correctly asserts that Defendants' twenty-page Reply (Doc. 82) exceeds the applicable page limit. *See* LRCiv 7.2(e)(2). Plaintiff also correctly asserts that Defendants violated LRCiv 7.2(f) by requesting oral argument in their Reply rather than in the Motion to Dismiss.

On the same day Plaintiff filed his Motion to Strike, Defendants filed their Response (Doc. 86) in opposition. Attached to Defendants' Response (Doc. 86) are Replies that Defendants request that the Court accept if the Court grants Plaintiff's Motion to Strike. Defendants also have filed a "Motion for Extension of Time to File Reply to the Response to the Motion to Dismiss" (Doc. 85).

LRCiv 7.2(e)(2) provides that a reply may not exceed eleven pages. In an attempt

to circumvent this page limit, Defendants state that they "halved the pages and doubled the replies in order to satisfy Plaintiff's objection." (Doc. 86 at 1). Although the Motion to Dismiss was filed jointly by Defendants Ryan Patterson and Patterson Homes LLC, defense counsel has submitted a ten-page reply on behalf of Defendant Ryan Patterson and a nine-page reply on behalf of Patterson Homes LLC. (Doc. 86-1; Doc. 86-2). Each reply incorporates by reference portions of the other reply. (Doc. 86-1 at 10; Doc. 86-2 at 1). Defense counsel's novel attempt to circumvent page limits is not well-taken and is soundly rejected by the Court. The Court will grant Plaintiff's Motion to Strike (Doc. 84).

The Court will deny Defendants' "Motion for Extension of Time to File Reply to the Response to the Motion to Dismiss" (Doc. 85). An extension of a deadline sought after its expiration requires a showing of "excusable neglect." *See* Fed. R. Civ. P. 6(b)(1)(B). There are at least four factors in determining whether neglect is excusable: (i) the danger of prejudice to the opposing party; (ii) the length of the delay and its potential impact on the proceedings; (iii) the reason for the delay; and (iv) whether the movant acted in good faith. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The determination of whether neglect is excusable is ultimately an equitable one, taking into account all relevant circumstances surrounding the party's omission. *See Pioneer*, 507 U.S. at 395. This equitable determination is left to the discretion of the district court. *See Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

After considering the equitable factors set forth in *Pioneer*, the Court does not find that excusable neglect justifies allowing an untimely Reply in support of Defendants' Motion to Dismiss. Although the Court does not find that there is a material risk of danger to Plaintiff or that the length of the delay is especially significant, the Court finds that the balance of the remaining factors weigh in favor of denying the Motion (Doc. 85). Defendants provide the bare assertion that the delay is due to a "calendaring error." That error has adversely impacted this proceeding as the resolution of the Motion to Strike (Doc. 84) and Defendants' Motion for Extension (Doc. 85) has consumed the limited time of both

the Court and the parties. Finally, the Court does not have sufficient evidence from which the Court can conclude that Defendants have acted in good faith. As discussed, Defendants attempt to circumvent the page limits by "doubling" their replies is not well-taken. The Court will deny Defendants' Motion for Extension (Doc. 85).

Accordingly,

**IT IS ORDERED** granting Plaintiff's "Motion to Strike Defendants' Untimely Reply in Support of Motion to Dismiss" (Doc. 84).

**IT IS FURTHER ORDERED** striking Defendants' "Reply to Plaintiff's Response to Defendants' Motion to Dismiss" (Doc. 82).

**IT IS FURTHER ORDERED** denying Defendants' "Motion for Extension of Time to File Reply to the Response to the Motion to Dismiss" (Doc. 85).

Dated this 12th day of November, 2019.

Honorable Eileen S. Willett
United States Magistrate Judge