WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Morgan Howarth,

    Plaintiff,

v.

Ryan Patterson, et al.,

    Defendants.

No. CV-19-00726-PHX-ESW

**ORDER**

This is a copyright infringement action. On September 26, 2019, with leave of Court (Doc. 57), Plaintiff filed a First Amended Complaint (Doc. 65). The two-count First Amended Complaint alleges that Defendants are liable for direct and vicarious copyright infringement. (Doc. 65 at 4-6). Pending before the Court is the "Motion to Dismiss First Amended Complaint" (Doc. 75) filed by Ryan Patterson and Patterson Homes, LLC (collectively, "Defendants"). Defendants seek dismissal of the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained herein, the Court will deny Defendants' Motion (Doc. 75).[1]

## **I. LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *Ashcroft v.*

---
[1] The parties have consented to proceeding before a Magistrate Judge pursuant to Federal Rule of Civil Procedure 73 and 28 U.S.C.§ 636(c). (Doc. 21).

*Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) ). On a motion to dismiss, "the Court must take all well-pleaded allegations of material fact as true and construe them in the light most favorable to the non-moving party." *Great Minds v. Office Depot, Inc.*, No. 18-55331, 2019 WL 7206433, at *3 (9th Cir. Dec. 27, 2019). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002).

## **II. DISCUSSION**

To establish copyright infringement, a party must show (i) ownership of a valid copyright and (ii) unauthorized copying by another party of the constituent original elements of the work. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). There are three doctrines of copyright liability: direct copyright infringement, contributory copyright infringement, and vicarious copyright infringement. To prove a claim of direct copyright infringement, a plaintiff must show that he owns the copyright and that the defendant violated one or more of the plaintiff's exclusive rights under the Copyright Act. *A & M Records v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). A person may be liable as a contributory infringer if the person has knowledge of the infringing activity and induces, causes, or materially contributes to the infringing conduct of another. *Id.* at 1019

(quoting *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971)). The knowledge requirement for contributory copyright infringement includes both those with actual knowledge and those who have reason to know of direct infringement. *Id.* at 1020. Finally, a defendant is vicariously liable for copyright infringement if he enjoys a direct financial benefit from another's infringing activity and "has the right and ability to supervise" the infringing activity. *Id.* at 1022 (quoting *Gershwin Publ'g Corp.*, 443 F.2d at 1162). The vicarious infringer need not know that he is infringing. *MetroGoldwyn-Mayer Studios Inc. v. Grokster*, *Ltd*., 125 S.Ct. 2764, 2776 n.9 (2005).

### A. The Motion to Dismiss will be Denied as to Count I (Direct Copyright Infringement)

Plaintiff is an architectural photographer. Plaintiff alleges that in or around July 2018, Plaintiff discovered a website that used, without Plaintiff's consent, one of his copyrighted photographs to promote Defendants' home remodeling services. (Doc. 65, ¶¶ 10, 13-15). In their Motion to Dismiss, Defendants allege that Plaintiff "offers no factual evidence" that Defendants have infringed Plaintiff's federally registered copyrights. (Doc. 75 at 7).

A Rule 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

Here, the First Amended Complaint alleges that three versions of a marketing piece using Plaintiff's copyrighted photograph were discovered online. In one version, Ryan Patterson was identified as the author. (Doc. 65, ¶ 14; Doc. 65-2). Another version identified Patterson Homes as the author, and the final version identified Patterson Remodeling as the author. (Doc. 65, ¶ 14; Docs. 65-3, 65-4). The First Amended Complaint further alleges that "Defendant Patterson—as the dominant influence in

Patterson Homes and Patterson Remodeling—determined and/or directed the policies that led to the infringements complained of herein, and is therefore jointly and severally liable for any direct copyright infringement committed by Patterson Homes and/or Patterson Remodeling." (Doc. 65, ¶ 19). Plaintiff does not need to allege that Defendants owned the website on which the alleged infringing marketing pieces were posted.[2] *See Williams v. Aho*, No. CV162088PSGFFMX, 2016 WL 10999270, at *3 (C.D. Cal. Sept. 2, 2016) ("Because Plaintiff did not need to allege that Defendant owned newsblaze.com to state a claim for copyright infringement [of a photograph taken by Plaintiff], the Court denies Defendant's motion to dismiss for failure to allege that Defendant owned the domain name newsblaze.com."). Assuming the truth of all facts alleged in the First Amended Complaint and construing them in the light most favorable to Plaintiff, the Court finds that Count I sufficiently states a claim for direct copyright infringement against all Defendants. Defendants' Motion to Dismiss (Doc. 75) is denied as to Count I.

### B. The Motion to Dismiss will be Denied as to Count II (Vicarious Copyright Infringement)

The First Amended Complaint alleges that
> to the extent that the Photo was copied and posted to the website in question by an employee of Defendants and/or a third party, Defendants are liable for vicarious infringement because the person working as their agent; and/or because Defendants had the right and ability to supervise the person's infringing activities and enjoyed a financial benefit from those activities by virtue of the heightened web traffic and leads that were generated through their use of the Photo.

(Doc. 65, ¶ 23). Defendants assert that the First Amended Complaint contains a "threadbare recitation of the elements for vicarious liability." (Doc. 75 at 8). Plaintiff contends that "Count II fails to allege any facts plausibly suggesting that Ryan Patterson or Patterson Homes LLC intentionally induced or encouraged third parties to infringe Plaintiff's copyrights." (*Id.* at 11).

---

[2] Defendants contend that "[w]ithout factual evidence to determine who the owner of the website is, there can be no copyright infringement, nor vicarious liability." (Doc. 75 at 11).

As the Ninth Circuit has explained, a "claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (Internal quotation marks and citation omitted). The Court finds that the First Amended Complaint alleges facts sufficient "to raise a right to relief above the speculative level" as to a claim for vicarious copyright infringement against all Defendants. *Twombly*, 550 U.S. at 555. The Motion to Dismiss (Doc. 75) will be denied as to Count II.

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** denying the "Motion to Dismiss First Amended Complaint" (Doc. 75) filed by Ryan Patterson and Patterson Homes, LLC.

**IT IS FURTHER ORDERED** that the parties shall file a joint motion to amend the Scheduling Order no later than **January 28, 2020**.

Dated this 13th day of January, 2020.

Honorable Eileen S. Willett
United States Magistrate Judge