R. Buck McKinney
**LAW OFFICE OF BUCK MCKINNEY, PC**
408 W. 11th St., Fifth Floor
Austin, Texas 78701
Texas Bar #: 00784572
Facsimile: (512) 444-1879
*mckinney@buckmckinney.com*
Telephone: (512) 236-0150

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Morgan Howarth,<br><br>    Plaintiff,<br><br>v.<br><br>Ryan Patterson, Patterson Homes, LLC & Patterson Remodeling, LLC<br><br>    Defendants | CV-19-0726-PHX-ESW<br><br>**PLAINTIFF'S MOTION TO RECONSIDER ORDER MODIFYING SCHEDULING ORDER** |

Morgan Howarth respectfully requests that the Court reconsider its Order Modifying Scheduling Order, and shows the following.

On January 14, 2020, the Court issued an order denying Defendants' pending 12(b)(6) motion to dismiss, and instructing the parties to file a Joint Motion to Amend Scheduling Order no later than January 28, 2020. (Doc. 92). Plaintiff drafted a proposed joint motion the same day and sent it to Defendants' counsel – requesting input. In the proposed motion, Plaintiff requested modest 3-month extensions of the discovery and dispositive motion deadlines, which should have been more than adequate for the parties to complete their preparations for summary disposition and/or trial of a case that has been pending for almost a year now (the case was filed on February 4, 2019).

Over the course of the following two weeks, Plaintiff sent at least 3 follow-ups to Defendants, but received no substantive response until the Court-ordered deadline, January 28, 2020 – at which point the Defendants advised that they were still formulating their proposed extensions.  Plaintiff followed up several times that day, but as of 7:00 pm MST, had received no further advices whatsoever.  That being the case, he authorized Defendants to submit the joint motion with separate sections for Plaintiff's and Defendants' proposed extensions – *but asked them to include a statement reserving Plaintiff's right to respond to Defendants' proposals since it was after hours and he had no idea what Defendants intended to propose*.  At 11:59 pm MST that evening – one minute before the Court-ordered deadline – Defendants filed the joint motion. (Doc. 95). Incredibly, in their portion of the motion, Defendants requested a reset of *each and every deadline* – including those for MIDP Responses and the parties' Settlement Conference (*which have already occurred*), and other deadlines that Defendants had allowed to expire without a request for extension – such as their expert witness designation deadline.  To put it mildly, there is no cause for such extensions, which would effectively wind this case back to "day one" and kick the trial date of this case back to next year.

Because Plaintiff's counsel was in the midst of pretrial preparations, he did not have an opportunity to immediately respond.  Before he could do so, and less than 48 hours after the joint motion was filed, the Court issued its order – mirroring the unnecessary and unwarranted extensions requested by Defendants, instead of the modest extensions of discovery and dispositive motion deadlines requested by Plaintiff. (Doc. 96).

For the reasons set forth below, Plaintiff respectfully requests that the Court reconsider its order, and enter a revised scheduling order reflecting the modest extensions of discovery and dispositive motion deadlines set forth in Plaintiff's portion of the parties' Joint Motion to Modify Scheduling Order.

# ARGUMENT

A scheduling order may be modified for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Relevant inquiries [into diligence] include: whether the movant was diligent in helping the court to create a workable Rule 16 order; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent." *United States ex rel. Terry v. Wasatch Advantage Grp.*, LLC, 327 F.R.D. 395, 404 (E.D. Cal. 2018) (internal quotation marks and citation omitted) (alteration in original).

In this case, Defendants have not previously sought an extension of ***any*** scheduling order deadlines – *virtually all of which have already expired*.[1] Clearly Defendants have not been diligent in seeking amendment "once the need to amend became apparent" inasmuch as some of these deadlines expired *over 8 months ago*. Nor have they been diligent in assisting the court to create a workable Rule 16 order – having filed their proposed extensions one (1) minute prior to the Court ordered deadline, and without conferring with Plaintiff or even advising him of the extensions they sought to obtain. Accordingly, there is no "good cause" for the extreme and unwarranted extensions sought by Defendants.

In addition to there being no "good cause," Defendants' proposed extensions are in and of themselves abusive – exemplifying their pattern of delay in this case, which has been chronicled at length for the Court. These abusive tactics have included (1) Defendants' refusal for over five months to respond to written discovery (and their continued refusal to properly respond thereto);[2] and (2) Defendants' repeated refusal to participate in meet and confers (including the meet and confer related to the joint motion

---

[1] The dispositive motion deadline was the only pending deadline at the time of submission.

[2] *See* Pltf.'s Lodged Mtn. to Compel (Doc. 44).

to modify).  Defendants' abusive litigation tactics should not be rewarded by winding this case back to "day one," and kicking the trial date all the way into next year.

For the foregoing reasons, Plaintiff respectfully requests that the Court reconsider its Order Modifying Scheduling Order (Doc. 92); and that it issue a revised Order extending the deadline for supplementations of MIDP responses and completion of discovery to **April 10, 2020**, and extending the deadline for dispositive motions to **June 21, 2020**, with no other extensions of any other deadlines.

Dated this 1st day of February, 2020

<u>/s/ R. Buck McKinney</u>
**R. Buck McKinney**
Attorney for Plaintiff