R. Buck McKinney
**LAW OFFICE OF BUCK MCKINNEY, PC**
408 W. 11th St., Fifth Floor
Austin, Texas 78701
Texas Bar #: 00784572
Facsimile: (512) 444-1879
*mckinney@buckmckinney.com*
Telephone: (512) 236-0150

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Morgan Howarth,<br><br>  Plaintiff,<br><br>v.<br><br>Ryan Patterson, Patterson Homes, LLC and Patterson Remodeling, LLC<br><br>  Defendants | CV-19-0726-PHX-ESW<br><br>**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' UNTIMELY AND IMPROPER REPLIES IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT** |

Pursuant to Fed. R. Civ. P. 6(b), and LRCiv. Pro. 7.2(m)(1), Plaintiff hereby moves to strike Defendant Patterson Remodeling, LLC's Reply in support of its Motion to Set Aside Entry of Default (Doc. 100) as untimely; and to strike Defendants Ryan Patterson and Patterson Homes, LLC's reply in support of Patterson Remodeling, LLC's Motion to Set Aside Entry of Default (Doc. 101) as untimely and improper.

LRCiv. 7.2(m)(1) allows a party to file a motion to strike "any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." In this case, Defendants' untimely and improper replies were not authorized by the Rules.

**A.     Patterson Remodeling's Untimely Reply**

According to LRCiv. Pro. 7.2(d), Patterson Remodeling had seven (7) days from the date Plaintiff filed his Response in which to file a Reply.  Plaintiff's Response was filed on January 27, 2020 (Doc. 93).  The deadline for Patterson Remodeling to file its Reply was therefore February 3, 2020.[1]  However, Defendant did not file its Reply until February 4, 2020 (Doc 100), and did not seek leave of Court to extend the deadline.

Had Defendants sought an extension to the expired filing deadline, the applicable standard would have been excusable neglect. Fed.R.Civ.P. 6(b)(1)(B) (when an act must be done within a specified time, the court may extend the time "on motion made after the time has expired if the party failed to act because of excusable neglect"); *Pioneer Inv. Servs. Co. v. Brunswick Ass'n Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).  Because Defendants have not provided this Court with any excuse for their untimely filing, much less an argument as to why their failure to do so constituted "excusable neglect," their Reply should be stricken. *Vitasek v. Maricopa Cnty. Sheriff's Office*, CV 10-1777-PHX-RCB, 2012 WL 176313 (D. Ariz. Jan. 23, 2012).

**B.     Ryan Patterson and Patterson Homes, LLC's Untimely and Improper Reply**

On February 5, 2020, the day after Patterson Remodeling filed its untimely reply, Defendants Ryan Patterson and Patterson Homes, LLC purported to file their own reply in support of Patterson Remodeling's Motion to Set Aside Entry of Default (Doc 101). This is not unlike the Defendants' improper attempt to exceed page limits set forth in LRCiv. Pro. 7.2(e)(2) by "halv[ing] the pages and doubl[ing] the replies" – a tactic that was recently rejected by the Court. *See* Court's Order (Doc. 89), p. 2.  Plaintiff is aware of no rule that authorizes a non-movant to file a reply in support of another party's

---

[1] Federal Rules of Civil Procedure 6(d) and 5(b)(E) previously allowed for 3 days to be added to the otherwise applicable deadline when service was effected by electronic means (as it was in this case).  However, Rule 6(d) was amended in 2016 to remove that provision. *See* Committee Notes on Rules – 2016 Amendment ("Rule 6(d) is amended to remove service by electronic means under Rule 5(b)(2)(E) from the modes of service that allow 3 added days to act after being served.").

motion;[2] and even if there were, Defendants' reply was filed on February 5, 2020 – two days after expiration of the 7-day deadline set forth in LRCiv. Pro. 7.2(d), and without leave of Court.[3]

For the foregoing reasons, Plaintiff respectfully requests that the Court strike Defendant Patterson Remodeling, LLC's untimely Reply in Support of its Motion to Set Aside Entry of Default, and that it similarly strike Defendants Patterson Homes, LLC and Ryan Patterson's improper and untimely reply.

Dated this 10th day of February, 2020

/s/ R. Buck McKinney
**R. Buck McKinney**
Attorney for Plaintiff

---

[2] *See* LRCiv. Pro. 7.2(d) (authorizing the "movant" to file a reply).
[3] Notably, this is at least the fourth time that Defendants have failed to follow Local Rule 7.2(d). *See* (Doc. 46), (Doc. 53), (Doc. 84).