WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Morgan Howarth,

    Plaintiff,

v.

Ryan Patterson, et al.,

    Defendants.

No. CV-19-00726-PHX-ESW

**ORDER**

On November 22, 2019, the Clerk of Court entered default against Patterson Remodeling, LLC (referred to herein as "Defendant Patterson Remodeling" or "Defendant"). (Doc. 90). Pending before the Court is Defendant's "Motion to Set Aside an Entry of Default Under FRCP 55(c)" (Doc. 91). For the reasons explained herein, the Motion (Doc. 91) will be denied.

## I. LEGAL STANDARDS

"[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984). Under Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default for "good cause shown." Fed. R. Civ. P. 55(c). A district court has "especially broad" discretion to determine whether good cause has been shown when "it is entry of default that is being set aside, rather than a default judgment." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). In analyzing whether good cause has

been shown, courts consider the following three factors: (i) whether the defendant engaged in culpable conduct leading to the default; (ii) whether the defendant has a meritorious defense; and (iii) whether setting aside the default would prejudice the plaintiff. *Franchise Holding II, LLC v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004). If any one of these three factors weighs against setting the default aside, the Court may refuse to set aside an entry of default. *Id.* at 926. A defendant bears the burden of proving that the default should be set aside. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). As explained in the following section, the Court finds that Defendant Patterson Remodeling's conduct leading to the default was culpable and that Defendant has failed to show that it has a meritorious defense.

## II. DISCUSSION

### A. Defendant's Conduct Leading to the Default was Culpable

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Grp. Life Ins. Plan*, 244 F.3d at 697 (emphasis in original) (quoting *Alan Neuman Productions, Inc. v. Albright,* 862 F.2d 1388, 1392 (9th Cir. 1988)). "The Ninth Circuit has established two separate standards for whether consciously failing to respond to a complaint fits the meaning of 'intentionally' as used in the definition of culpability. Which standard is applicable depends on whether the party seeking to set aside default is considered 'legally sophisticated.'" *CWT Canada II LP v. Danzik*, No. CV-16-00607-PHX-DGC, 2017 WL 1437557, at *2 (D. Ariz. Apr. 24, 2017) (citing *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010)).

If a party is legally sophisticated, then a court may deem the party's conduct culpable if the party has "received actual or constructive notice of the filing of the action and failed to answer[.]" *Franchise Holding II*, 375 F.3d at 926; *Mesle*, 615 F.3d at 1093 ("When considering a legally sophisticated party's culpability in a default, an understanding of the consequences of its actions may be assumed, and with it,

intentionality."); *see also Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 690 (9th Cir. 1988) (holding a defendant's conduct was culpable because he "had actual notice of the summons and complaint" soon "after it was served" and, "as a lawyer, presumably was well aware of the dangers of ignoring service of process"). If a party is not legally sophisticated, then "the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" *Mesle*, 615 F.3d at 1092 (quoting *TCI Grp. Life Ins. Plan*, 244 F.3d at 697). "[A] defendant's conduct [is] culpable . . . where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.*

Here, it is undisputed that Plaintiff effected service on Defendant Patterson Remodeling on October 15, 2019 by serving Defendant's manager/member Curtis Patterson. It is undisputed that Curtis Patterson is the father of Defendant Ryan Patterson, who appeared on March 1, 2019. (Doc. 93 at 5; Doc. 14). As an explanation for failing to appear in this case until January 2020, Defendant Patterson Remodeling states that Curtis Patterson "had been retired for over six years, had no experience with intellectual property litigation, and was in the process of settling in a newly-adopted special-needs child, and was therefore unable to respond to Plaintiff until he was able to secure counsel . . . ." (Doc. 91 at 4-5). The assertion that Curtis Patterson has been retired for six years conflicts with the Arizona Corporation Commission records, which reflect that Curtis Patterson took office as manager of Patterson Remodeling in March 2017. (Doc. 83-1 at 4). Further, Defendant acknowledges that "Patterson Remodeling had other managers and members . . . ." (Doc. 100 at 2). No explanation is given as to why those other managers/members could not have timely secured counsel on behalf of Patterson Remodeling. The Court finds that Defendant Patterson Remodeling has not offered a credible, good faith explanation for its failure to appear in this case approximately three months after service. *See TCI Grp.*

*Life Ins. Plan*, 244 F.3d at 697-98 ("Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional.'"). The Court concludes that Defendant Patterson Remodeling's conduct leading to the default was culpable regardless of whether or not it may be deemed a legally sophisticated party. Although this finding of culpability is sufficient to justify a denial of Defendant's Motion (Doc. 91), the Court further finds that Defendant has failed to show that it has a meritorious defense.

### B. Defendant has Not Shown that it has a Meritorious Defense

In evaluating the meritorious defense factor, the primary inquiry is "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by default." *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). While the defendant's burden under this factor "is not extraordinarily heavy," he or she must "allege sufficient facts that, if true, would constitute a defense." *Mesle*, 615 F.3d at 1094.

Here, Defendant asserts that it "has meritorious defenses to Plaintiff's unfounded and baseless accusations. . . . Throughout Plaintiff's incoherent and inarticulate First Amended Petition, Defendant fails to see that Plaintiff has stated a claim upon which relief may be granted." (Doc. 91 at 5). Defendant does not provide any argument or authority in support of its contention that the First Amended Complaint fails to state a claim. In its Order denying the Motion to Dismiss filed by Defendants Ryan Patterson and Patterson Homes, LLC, the Court found that the First Amended Complaint sufficiently states a claim for direct copyright infringement and vicarious copyright infringement against all Defendants. (Doc. 92 at 4-5). Although Defendant contends that "other defenses and affirmative defenses exist" (Doc. 91 at 5), Defendant has not articulated any specific facts that would constitute a potentially meritorious defense. As the Ninth Circuit has explained, "conclusory statements that a dispute exist[s]" or "mere general denials without facts to support [the defense are] not enough to justify vacating a default or default judgment."

*Franchise Holdings II*, 375 F.3d at 926 (internal quotations and citation omitted). "A defendant seeking to vacate [entry of] default . . . must present specific facts that would constitute a defense." *TCI Grp. Life Ins. Plan,* 244 F.3d at 700; *see also Madsen v. Bumb,* 419 F.2d 4, 6 (9th Cir. 1969) (holding that district court did not abuse its discretion in declining to set aside the default where defendant offered "a mere general denial without facts to support it"); *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970) (stating "[i]n an attempt to determine the meritorious nature of a defense, the trial court must have before it more than mere allegations that a defense exists"); *Sony Corp. v. Elm State Electronics, Inc.*, 800 F.2d 317, 320-21 (2d Cir. 1986) ("Although in an answer general denials normally are enough to raise a meritorious defense, the moving party on a motion to reopen a default must support its general denials with some underlying facts"); *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 186 (7th Cir. 1982) ("[D]efendants gave not the slightest indication of any specific defense on the merits. They merely tendered a general denial which asserts that they are not liable to plaintiff. The showing of a meritorious defense that is necessary to set aside a default requires more than the bare legal conclusions set forth in defendants' proposed answer.").

Defendant has failed to proffer any facts showing "some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust Funds*, 794 F.2d at 513. The Court concludes that the second factor weighs against setting aside Defendant's default. The Court need not address the third relevant factor, prejudice to Plaintiff. *Franchise Holding II, LLC*, 375 F.3d at 926 (explaining that "the district court was free to deny the motion 'if any of the three factors was true'"). Defendant's Motion (Doc. 91) will denied.

### III. CONCLUSION

**IT IS ORDERED** denying Defendant Patterson Remodeling, LLC's "Motion to Set Aside an Entry of Default Under FRCP 55(c)" (Doc. 91).

Dated this 21st day of February, 2020.

_____
Eileen S. Willett
United States Magistrate Judge