WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Morgan Howarth, | No. CV-19-00726-PHX-ESW |
| Plaintiff, | **ORDER** |
| v. | |
| Ryan Patterson, et al., | |
| Defendants. | |

The Court has reviewed Plaintiff's "Motion to Strike Defendants' Untimely and Improper Replies in Support of Motion to Set Aside Entry of Default" (Doc. 102). Plaintiff is correct that Defendant Patterson Remodeling, LLC filed its Reply (Doc. 100) in support of its Motion to Set Aside an Entry of Default (Doc. 91) one day late under the current version of Federal Rule of Civil Procedure 6. However, after reviewing Plaintiff's Response (Doc. 93) opposing the setting aside of the default, the Court found that it was in the interests of justice to review Defendant Patterson Remodeling, LLC's replies to the arguments made in Plaintiff's Response. The Court finds no prejudice to Plaintiff by the one-day late Reply (Doc. 100). Plaintiff's Motion to Strike (Doc. 102) will be denied as to Defendant Patterson Remodeling, LLC's Reply (Doc. 100). *See United States v. Toilolo*, No. CR 11-00506 LEK, 2013 WL 12212909, at *2 (D. Haw. Nov. 18, 2013) ("While the Court is not without annoyance at late filings, it cannot conclude that Defendants were unduly prejudiced by the one-day late filing, nor can it conclude that justice would be

served by striking the Government's Motion."); *Rogers v. JPMorgan Chase Bank, N.A.*, 2012 WL 2190900, at *6 (W.D. Wash. June 13, 2012) (denying motion to strike one-day late summary judgment opposition because its untimely filing did not prejudice opposing party).

The Court, however, does find good cause to strike the Reply filed by Defendants Ryan Patterson and Patterson Homes, LLC as those Defendants did not join Defendant Patterson Remodeling, LLC's Motion to Set Aside an Entry of Default (Doc. 91).

Accordingly,

**IT IS ORDERED** denying Plaintiff's "Motion to Strike Defendants' Untimely and Improper Replies in Support of Motion to Set Aside Entry of Default" (Doc. 102) as to Defendant Patterson Remodeling, LLC's Reply (Doc. 100).

**IT IS FURTHER ORDERED** granting Plaintiff's "Motion to Strike Defendants' Untimely and Improper Replies in Support of Motion to Set Aside Entry of Default" (Doc. 102) as to Defendants Ryan Patterson and Patterson Homes, LLC's Reply (Doc. 101).

**IT IS FURTHER ORDERED** striking Defendants Ryan Patterson and Patterson Homes, LLC's Reply (Doc. 101).

**IT IS FURTHER ORDERED** that the parties shall comply with the current version of the Federal and Local Rules of Civil Procedure.[1]

Dated this 21st day of February, 2020.

Honorable Eileen S. Willett
United States Magistrate Judge

---

[1] The Court's August 8, 2019 Order (Doc. 57) inadvertently referenced the prior version of Rule 6(d), which allowed three days to be added to the time in which a party must act within a specified time after service if service was effected by electronic means. Rule 6(d) no longer provides for an additional three days to be added to a deadline if service was effected by electronic means. Although Defendants Ryan Patterson and Patterson Homes, LLC state in their February 12, 2020 filing (Doc. 104 at 2) that they "have been guided" by the prior Order (Doc. 57), the Court notes that Defendants Ryan Patterson and Patterson Homes, LLC did not dispute Plaintiff's assertion that they filed their Reply in support of their Motion to Dismiss (Doc. 82) approximately a week late under the current version of Rule 6(d). (Docs. 84, 85). On November 13, 2019, the Court granted Plaintiff's Motion to Strike (Doc. 84) their untimely Reply (Doc. 82) and denied Defendants' Motion for an Extension of Time (Doc. 85). (Doc. 89).