1  WO

6  **IN THE UNITED STATES DISTRICT COURT**

7  **FOR THE DISTRICT OF ARIZONA**

9  Morgan Howarth,                              No. CV-19-00726-PHX-ESW

10          Plaintiff,                          **ORDER**

11  v.

12  Ryan Patterson, et al.,

13          Defendants.

        Pending before the Court is Plaintiff's "Motion to Strike Affirmative Defenses" (Doc. 111). The Court has reviewed Defendants' Response (Doc. 112) and Plaintiff's Reply (Doc. 116). For the reasons explained herein, the Motion (Doc. 111) will be granted.

## I.  LEGAL STANDARDS

        Federal Rule of Civil Procedure 12(f) authorizes the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a motion to strike "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "Motions to strike are generally viewed with disfavor and are not frequently granted." *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000).

## II. DISCUSSION

### A. First Affirmative Defense

Defendants' first affirmative defense asserts that Plaintiff has failed to state a claim. (Doc. 105 at 4-5). As discussed in the Court's prior Order (Doc. 38), "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). "Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [Plaintiff's] prima facie case." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F.Supp.2d 1167, 1174 (N.D. Cal. 2010). The Court will grant Plaintiff's Motion (Doc. 111) as to Defendants' first affirmative defense.

### B. Sixth Affirmative Defense

Defendants' sixth affirmative defense asserts that "Plaintiff's claims are barred because Plaintiff has not sustained any actual damages or injury, and Plaintiff therefore lacks standing under Article III of the United States Constitution." (Doc. 105 at 8). The Court finds persuasive Plaintiff's argument and cited authority that Defendants' sixth affirmative defense is insufficient as a matter of law. Plaintiff's Motion (Doc. 111) will be granted as to Defendants' sixth affirmative defense.

### C. Seventh Affirmative Defense

Defendants' seventh affirmative defense asserts that "Plaintiff's claim may be barred by the United States Constitution." (Doc. 105 at 9). Defendants contend that Plaintiff is a "copyright troll" and assert that "copyright trolling is unconstitutional because it provides no credible incentive 'to authors' and does nothing to promote the progress of science and the useful arts." (*Id.* at 11) (emphasis in omitted). The Court finds persuasive Plaintiff's argument and cited authority that Defendants' seventh affirmative defense is insufficient as a matter of law. Plaintiff's Motion (Doc. 111) will be granted as to Defendants' seventh affirmative defense.

## III. CONCLUSION

**IT IS ORDERED** granting Plaintiff's "Motion to Strike Affirmative Defenses"

(Doc. 111).

**IT IS FURTHER ORDERED** striking Defendants' first, sixth, and seventh affirmative defenses from Defendants' Answer to the First Amended Complaint (Doc. 105).

Dated this 7th day of April, 2020.

Honorable Eileen S. Willett
United States Magistrate Judge